AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| United States of America <br> v. <br> ZACHARY ALLEN KAM <br><br> *Defendant* | ) Case: 1:24-mj-00317 <br> ) Assigned To : Judge Zia M. Faruqui <br> ) Assign. Date : 10/7/2024 <br> ) Description: COMPLAINT W/ ARREST WARRANT <br> ) <br> ) |

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*          ZACHARY ALLEN KAM                                      ,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment          ☐ Superseding Indictment          ☐ Information          ☐ Superseding Information          ☒ Complaint
☐ Probation Violation Petition          ☐ Supervised Release Violation Petition          ☐ Violation Notice          ☐ Order of the Court

This offenses are briefly described as follows:

18 U.S.C. § 111(a)(1) - Assaulting, Resisting, Opposing, Intimidating, Interfering or Impeding Certain Officers or Employees.

18 U.S.C. § 111(a)(1) - Assaulting, Resisting, Opposing, Intimidating, Interfering or Impeding Certain Officers or Employees.

Date:      10/07/2024

_____
*Issuing officer's signature*

City and state:          Washington, D.C.

Zia M. Faruqui, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* 10/07/24 , and the person was arrested on *(date)* 10/10/24 at *(city and state)* Chicago, IL. <br><br> Date: 10/10/24                       _____ <br>                                           *Arresting officer's signature* <br><br>                                   Hanna McLaughlin, Special Agent <br>                                           *Printed name and title* |

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| United States of America<br>v.<br><br>ZACHARY ALLEN KAM<br>DOB: XXXXXX<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) | Case: 1:24-mj-00317<br>Assigned To : Judge Zia M. Faruqui<br>Assign. Date : 10/7/2024<br>Description: COMPLAINT W/ ARREST WARRANT |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____July 24, 2024_____ in the county of _____ in the _____ in the District of ___Columbia___ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 111(a)(1) - Assaulting, Resisting, Opposing, Intimidating, Interfering or Impeding Certain Officers or Employees. | |
| 18 U.S.C. § 111(a)(1) - Assaulting, Resisting, Opposing, Intimidating, Interfering or Impeding Certain Officers or Employees | |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: ___10/07/2024___

_____
*Judge's signature*

City and state: _____Washington, D.C._____

Zia M. Faruqui, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
## AND ARREST WARRANT

I, █████, being first duly sworn, hereby depose and state as follows:

## PURPOSE OF AFFIDAVIT

1.    I make this affidavit in support of an application for an arrest warrant for

ZACHARY ALLEN KAM.

2.    Your affiant, █████, is a Sergeant with the United States Park Police

("USPP").  In my duties as a USPP Sergeant, assigned to the Intelligence and Counterterrorism

Branch, I investigate criminal matters, including terrorism.  As a federal law enforcement officer,

I am authorized by law or by a government agency to engage in or supervise the prevention,

detection, investigation, or prosecution of a violation of federal criminal laws.

3.    The facts of this affidavit come from my review of the evidence, my personal

observations, my training and experience, and information obtained from other law enforcement

officers and witnesses.  Except as explicitly set forth below, I have not distinguished in this

affidavit between facts of which I have personal knowledge and facts of which I have hearsay

knowledge.  This affidavit merely intends to show that sufficient probable cause exists for the

requested warrants and does not set forth all of my knowledge about this matter.

## FACTUAL BACKGROUND

4.    On July 24, 2024, several groups applied for and were granted permits to

demonstrate on the National Mall.  An organization was granted a sole permit for the area of

Columbus Circle, which is located at the intersection of Massachusetts Avenue Northeast and E

Street Northeast, Washington, D.C., directly in front of Union Station.

5.      In anticipation of the demonstrations, members of the USPP, U.S. Capitol Police ("USCP"), and the Metropolitan Police Department ("MPD") were present around Columbus Circle and other parts of downtown Washington, D.C.

6.      Demonstrators began to gather in Columbus Circle at approximately 2:50 p.m.  At approximately 3:26 p.m., the USPP revoked the permit that had been issued to the organization. Pursuant to regulation, organizers must undertake, in good faith, all reasonable action to provide sufficient "marshals" to ensure good order and self-discipline during the demonstration.  *See* 36 CFR 7.96 (g)(5)(xii).  The USPP attempted to locate the organization's marshals multiple times but were unable to find them.  At approximately 3:26 p.m., a USPP Lieutenant called the individual permit holder.  The permit holder failed to answer his phone and the call went directly to voicemail. The USPP Lieutenant left a voicemail officially revoking the organization's permit.

7.      Despite the revocation of the permit, demonstrators remained in and around Columbus Circle until approximately 5:00 p.m.  From approximately 2:59 p.m. until 5:00 p.m., individuals in Columbus Circle pulled down flags affixed to the flagpoles; burned flags and objects; interfered with law enforcement's ability to place individuals under arrest; and sprayed graffiti on multiple statutes and structures.

8.      The flags pulled down from the flag poles, and the statutes and structures in Columbus Circle, are all property of the federal government.  The National Park Service estimated that the total cost to clean up and repair the site at $11,282.23.

**FACTS SUPPORTING PROBABLE CAUSE**

9.      On July 24, 2024, at approximately 3:00 p.m., USPP officers were attempting to place an individual under arrest for pulling down a flag from a flagpole in Columbus Circle.  The individual fled and USPP officers pursued him and ultimately caught up with him amidst the

crowd.  As USPP officers were effecting that arrest, KAM approached USPP Officer L.I. from

behind, grabbed the top of Officer L.I.'s vest, and pulled Officer L.I. to the ground, dragging him

several feet.  Officer L.I. sustained scrapes to his right hand and elbow, and bruising to both

knees.  The assault was captured in multiple videos and photos, later shared on X (formerly

Twitter) and other platforms, as well as USPP body-worn camera.



*Figure 1: Still from Open-Source Footage Depicting KAM grabbing Officer L.I.'s Vest*



*Figure 2: Open-Source Footage Showing KAM dragging Officer L.I.*

10.     USPP Officer J.R., who was with USPP Officer L.I., tried to pursue KAM as KAM ran into the crowd, but was unable to catch him.  Officer J.R. returned to Officers A.M. and L.I. and continued to try and place the initial individual under arrest.

11.     Officer L.I. stood in front of the other officers, yelling at the crowd to get back, as the crowd continued to yell at and approach the officers.  As captured on multiple open-source videos posted to various internet platforms, KAM returned less than a minute later, this time grabbing Officer J.R.'s vest, and pulling Officer J.R. to the ground.



*Figure 3: Open-Source Footage Showing KAM Grab Officer J.R.'s Vest*

12.     After pulling Officer J.R. to the ground, KAM ran into the crowd and escaped.

### *Identification and Arrest of KAM*

13.     At the time of the assaults, KAM was wearing a red and blue hat, gray t-shirt, a tan camouflage vest, blue jeans, and black shoes.  USPP Officers who were stationed in an observation post near Columbus Circle broadcasted KAM's description over police radio.  The broadcasted description was a white male wearing a camouflaged vest and blue jeans.

14.     Additionally, open-source footage of KAM shows that KAM has a distinctive tattoo on his left forearm along with a black watch:



*Figure 4: Open-Source Photo Showing Tattoo on KAM' Left Forearm*

15.     KAM also wore white and black bracelets on his right wrist.



*Figure 5: Open-Source Footage Showing Bracelet on KAM's Left Wrist*

16.     At approximately 7:13 p.m., USPP Officers near John Marshall Park, which is located on the 400 Block of C Street Northwest, Washington D.C., observed an individual wearing blue jeans and a camouflaged vest that appeared to match the description of KAM.



*Figure 6: Still from Body-Worn Camera When KAM was Stopped near John Marshall Park*

17.     Because he matched the broadcast description of the individual who assaulted police, KAM was detained to further confirm his identity.  During the interaction, KAM consented to a search of his backpack, in which USPP recovered what appeared to be the same red and blue hat, and gray shirt with the Palestinian flag that KAM was wearing when he assaulted Officers L.I. and J.R. a few hours earlier.  Officers also recovered an Illinois Driver's License bearing the name ZACHARY KAM.

18.     While KAM was wearing a different t-shirt when he was apprehended than when he assaulted Officers L.I. and J.R. four hours earlier, he wore the same tan camouflage vest with distinctive patches:

 

*Figure 7A: Still from Arrest*          *Figure 7B: Still from Assault*

19.      The tattoo on his left forearm was also visible, as well as the black watch on his

left wrist, and black and white bracelets on his right wrist.





20.     In addition, the red hat and grey shirt found inside KAM's bag match the shirt and hat he was wearing during the assaults.

21.     Based on the foregoing, your affiant submits that there is probable cause to believe that KAM violated 18 U.S.C. § 111(a)(1), which makes it a crime to forcibly assault, resist, oppose, impede, intimidate, or interfere with any person designated in section 1114 of Title 18 while engaged in or on account of the performance of official duties.  Persons designated within section 1114 of Title 18 include federal officers such as USCP and USPP officers, and includes any person assisting an officer or employee of the United States in the performance of their official duties.

United States Park Police


Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 7th day of October 2024.

_____

HONORABLE ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 24-CR-476 |
| | ) | |
| ZACHARY KAM, | ) | Magistrate Judge Jeannice W. Appenteng |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Initial appearance and removal proceedings held on 10/10/2024. Defendant appears after being taken into federal custody in this District on 10/10/2024. The Court finds Defendant is unable to afford counsel. Enter order appointing Mary Judge of the Federal Defender Program as counsel for Defendant. Defendant informed of the alleged violations of supervised release in the United States District Court for the District of Columbia. Defendant waives an identity hearing. The Court enters a finding of identity and orders the defendant bound to the District of Columbia for further proceedings. Pursuant to Fed. R. Crim. P. 5(f), the Court, with both the prosecutor and defense counsel present, confirmed the government's obligation to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and ordered it to do so. Favorable evidence under Brady need have only some weight and includes both exculpatory and impeaching evidence. Failure to produce such evidence in a timely manner may result in sanctions, including, but not limited to, adverse jury instructions, dismissal of charges, and contempt proceedings. The Government and defendant agree on conditions of release, which the Court accepts. Defendant released on $4,500 appearance bond with conditions. Enter Order Setting Conditions of Release. Defendant is ordered released after processing. Enter Order Requiring a Defendant to Appear in the District where Charges Are Pending and Transferring Bail.

T: 00:25

_____
JEANNICE W. APPENTENG
United States Magistrate Judge

Date: 10/10/2024

# United States District Court

## FOR THE NOTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA

VS.

ZACHARY KAM

NO. 24 CR 476

## ORDER APPOINTING COUNSEL

The above-named defendant has testified under oath or has filed with the court an Affidavit of Financial Status and thereby satisfied this court that he or she is financially unable to employ counsel.

Accordingly, the FEDERAL DEFENDER PROGRAM is hereby appointed to represent this defendant in the above designed case unless relieved by an order of this court or by order of the court of appeals.

ENTER:

Date: 10/10/2024

Rev. 05012019

AO 199A (Rev. 06/19)  Order Setting Conditions of Release                                                   Page 1 of ___4___ Pages

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Illinois

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| ZACHARY KAM | ) | Case No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)   The defendant must not violate federal, state, or local law while on release.

(2)   The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3)   The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)   The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at:   as directed
_____
*Place*

on   **10/22/2024 @ 12:30 pm   Via Zoom**
_____
*Date and Time*

If blank, defendant will be notified of next appearance.

(5)   The defendant must sign an Appearance Bond, if ordered.

AO 199B (Rev. 12/20)  Additional Conditions of Release

Page _2_ of _4_ Pages

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

    IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ☐ ) (6)  The defendant is placed in the custody of:

    Person or organization _____

    Address *(only if above is an organization)* _____

    City and state _____    Tel. No. _____

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

              Signed: _____ _____

                                           *Custodian*                          *Date*

( ☑ ) (7)  The defendant must:

    ( ☑ ) (a)  submit to supervision by and report for supervision to the  Northern District of Illinois

              telephone number 312-446-8587, ~~no later than~~ *as directed by Pretrial Services* ZAK

    ( ☐ ) (b)  continue or actively seek employment.

    ( ☐ ) (c)  continue or start an education program.

    ( ☑ ) (d)  surrender any passport to:    pretrial services  *within two business days* ZAK

    ( ☑ ) (e)  not obtain a passport or other international travel document.

    ( ☑ ) (f)  abide by the following restrictions on personal association, residence, or travel:

              Defendant to notify pretrial in advance of all travel outside of home jurisdiction. Court to approve all other travel outside of the Continental United States.

    ( ☐ ) (g)  avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: _____

    ( ☐ ) (h)  get medical or psychiatric treatment: _____

    ( ☐ ) (i)  return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____

    ( ☐ ) (j)  maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

    ( ☑ ) (k)  not possess a firearm, destructive device, or other weapon.

    ( ☐ ) (l)  not use alcohol ( ☐ ) at all ( ☐ ) excessively.

    ( ☐ ) (m)  not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

    ( ☐ ) (n)  submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

    ( ☐ ) (o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

    ( ☐ ) (p)  participate in one of the following location restriction programs and comply with its requirements as directed:

         ( ☐ ) (i)  **Curfew.** You are restricted to your residence every day ( ☐ ) from _____ to _____, or ( ☐ ) as directed by the pretrial services office or supervising officer; or

         ( ☐ ) (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or

         ( ☐ ) (iii)  **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court; or

         ( ☐ ) (iv)  **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court.
              **Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

AO 199B (Rev. 12/20)  Additional Conditions of Release                                                          Page 3 of 4 Pages

## ADDITIONAL CONDITIONS OF RELEASE

( ☐ )  (q)  submit to the following location monitoring technology and comply with its requirements as directed:
    ( ☐ ) (i)    Location monitoring technology as directed by the pretrial services or supervising officer; or
    ( ☐ ) (ii)   Voice Recognition; or
    ( ☐ ) (iii)  Radio Frequency; or
    ( ☐ ) (iv)  GPS.

( ☐ )  (r)  pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

( ☑ )  (s)  report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ☑ )  (t)  Stay out of D.C. except for Court, or meetings with attorney. Comply with courtesy supervision in the Northern District of Illinois. Stay away from all federal/public monuments.

AO 199C  (Rev. 09/08)  Advice of Penalties                                                          Page ___4___ of ___4___ Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

     Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

     While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year.  This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

     It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court.  The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

     If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed.  If you are convicted of:

    (1)  an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

    (2)  an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

    (3)  any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

    (4)  a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

     A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive.  In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

     I acknowledge that I am the defendant in this case and that I am aware of the conditions of release.  I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed.  I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

Chicago, IL
_____
*City and State*

### Directions to the United States Marshal

( ✓ )  The defendant is ORDERED released after processing.

(   )  The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release.  If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 10/10/2024
_____
*Judicial Officer's Signature*

Jeanice W. Appenteng, USMJ
_____
*Printed name and title*

DISTRIBUTION:   COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Zachary Kam | )   Case No.  24 CR 476 |
| _____ | ) |
| *Defendant* | ) |

## APPEARANCE BOND

### Defendant's Agreement

I, _____*Zachary Kam*_____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

( X )  to appear for court proceedings;
( X )  if convicted, to surrender to serve a sentence that the court may impose; or
( X )  to comply with all conditions set forth in the Order Setting Conditions of Release.

## Type of Bond

(   ) (1)  This is a personal recognizance bond.

( X ) (2)  This is an unsecured bond of $ 4500_____ .

(   ) (3)  This is a secured bond of $ _____ , secured by:

(   ) (a)  $ _____ , in cash deposited with the court.

(   ) (b)  the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value):*

If this bond is secured by real property, documents to protect the secured interest may be filed of record.

(   ) (c)  a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety):*

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1)     all owners of the property securing this appearance bond are included on the bond;
(2)     the property is not subject to claims, except as described above; and
(3)     I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date:  10/10/24

_____
*Defendant's signature*

_____            _____
*Surety/property owner – printed name*            *Surety/property owner – signature and date*

_____            _____
*Surety/property owner – printed name*            *Surety/property owner – signature and date*

_____            _____
*Surety/property owner – printed name*            *Surety/property owner – signature and date*

### CLERK OF COURT

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

Approved.
Date:  10/10/2024

_____
*Judge's signature*

AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 24-cr-476 |
| | ) | |
| ZACHARY KAM | ) | Charging District:  District of Columbia |
| *Defendant* | ) | Charging District's Case No.   24:MJ:00317 |

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges.  If the time to appear in that court has not yet been set, the defendant must appear when notified to do so.  Otherwise, the time and place to appear in that court are:

| Place: | Courtroom No.:  via Zoom |
|---|---|
| USDC, District of Columbia | Date and Time: 10/22/2024 12:30 pm |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date:        10/10/2024

*Judge's signature*

Jeannice W. Appenteng, USMJ
*Printed name and title*

TERMED

# United States District Court
# Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.1) (Chicago)
# CRIMINAL DOCKET FOR CASE #: 1:24-cr-00476-1

Case title: USA v. Kam

Other court case number: 1:24-mj-00317 USDC, District of
Columbia

Date Filed: 10/10/2024

Date Terminated: 10/10/2024

Assigned to: Honorable Jeannice W.
Appenteng

**Defendant (1)**

**Zachary Kam**
*TERMINATED: 10/10/2024*

represented by **Mary Higgins Judge**
Federal Defender Program
55 East Monroe Street
Suite 2800
Chicago, IL 60603
(312) 621-8300
Fax: Active
Email: mary_judge@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Pending Counts**                                              **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                                           **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                                  **Disposition**

18:3146.F - Failure to Appear

**Plaintiff**

USA                         represented by   **Stephanie C. Stern**
DOJ-USAO
219 S. Dearborn St.
Chicago, IL 60604
312-469-6132
Email: stephanie.stern@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**AUSA - Chicago**
United States Attorney's Office (NDIL - Chicago)
219 South Dearborn Street
Chicago, IL 60604
Fax: US Govt Attorney
Email: USAILN.ECFAUSA@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Pretrial Services**
.
(312) 435-5793
Fax: Not a member
Email:
ilnptdb_Court_Action_Notice@ilnpt.uscourts.gov
*ATTORNEY TO BE NOTICED*
*Designation: Pretrial Services*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/10/2024 | | ARREST of defendant Zachary Kam. (evw, ) (Entered: 10/11/2024) |
| 10/10/2024 | 1 | RULE 5(c)(3) Affidavit in Removal Proceedings signed by Judge Honorable Jeannice W. Appenteng as to defendant Zachary Kam. (evw, ) (Entered: 10/11/2024) |
| 10/10/2024 | 2 | ORDER as to Zachary Kam: Initial appearance and removal proceedings held on 10/10/2024. Defendant appears after being taken into federal custody in this District on 10/10/2024. The Court finds Defendant is unable to afford counsel. Enter order appointing Mary Judge of the Federal Defender Program as counsel for Defendant. Defendant informed of the alleged violations of supervised release in the United States District Court for the District of Columbia. Defendant waives an identity hearing. The Court enters a finding of identity and orders the defendant bound to the District of Columbia for further proceedings. Pursuant to Fed. R. Crim. P. 5(f), the Court, with both the prosecutor and defense counsel present, confirmed the government's obligation to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and ordered it to do so. Favorable evidence under Brady need have only some weight and includes both exculpatory and impeaching evidence. Failure to produce such evidence in a timely manner may result in sanctions, including, but not limited to, adverse jury instructions, dismissal of charges, and contempt proceedings. The Government and defendant agree on conditions of release, which the Court accepts. Defendant released on $4,500 appearance bond with conditions. Enter Order Setting Conditions of Release. Defendant is ordered released after processing. Enter Order Requiring a Defendant to Appear in the District where Charges Are Pending |

| | | and Transferring Bail. Signed by the Honorable Jeannice W. Appenteng on 10/10/2024. Mailed notice. (evw, ) (Entered: 10/11/2024) |
|---|---|---|
| 10/10/2024 | 3 | ORDER Appointing Counsel. Signed by the Honorable Jeannice W. Appenteng on 10/10/2024. Mailed notice. (evw, ) (Entered: 10/11/2024) |
| 10/10/2024 | 4 | ATTORNEY Appearance for defendant Zachary Kam by Mary Higgins Judge. (evw, ) (Entered: 10/11/2024) |
| 10/10/2024 | 5 | FINANCIAL Affidavit filed by Zachary Kam (SEALED) (evw, ) (Entered: 10/11/2024) |
| 10/10/2024 | 6 | ORDER Setting Conditions of Release as to Zachary Kam. Signed by the Honorable Jeannice W. Appenteng on 10/10/2024. Mailed notice. (evw, ) (Entered: 10/11/2024) |
| 10/10/2024 | 7 | APPEARANCE BOND as to Zachary Kam in the amount of $4,500 Unsecured. (evw, ) (Entered: 10/11/2024) |
| 10/10/2024 | 8 | ORDER requiring a defendant to appear in the district where charges are pending and transferring bail as to Defendant Zachary Kam committed to District of Columbia. Signed by the Honorable Jeannice W. Appenteng on 10/10/2024. Mailed notice. (evw, ) (Entered: 10/11/2024) |
| 10/11/2024 | 9 | CERTIFIED and Transmitted to USDC, District of Columbia via email the record consisting of the transmittal letter as to Zachary Kam. (evw, ) (Entered: 10/11/2024) |